# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2497

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Richard Payton, | * | |
| also known as Cheese, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: February 9, 1999
Filed: February 23, 1999

_____

Before MCMILLIAN, LAY, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

After Richard Payton pled guilty to conspiring to distribute and to possess with intent to distribute more than 1.5 kilograms of crack cocaine, he moved to withdraw his plea. The district court[1] denied the motion and sentenced Payton to 360 months. Payton contends on appeal that the court erred in not permitting him to withdraw his guilty plea. We affirm.

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

Payton was indicted for conspiring to distribute and to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. Payton pled guilty under a plea agreement which provided that the parties would "recommend that the Defendant be held responsible for more than 1.5 kilograms of a mixture or substance containing a detectable amount of cocaine base." Both the agreement and Payton's written petition to enter a plea acknowledged that the maximum term of imprisonment for the offense was life and that the minimum was 10 years. The court conducted an inquiry at the plea proceeding pursuant to Fed. R. Crim. P. 11 and then found that Payton was competent to plead, that his plea was voluntary, and that a factual basis for the plea existed. The court took both the plea and the agreement under advisement pending its review of the presentence investigation report.

When the parties appeared for sentencing, the court called attention to a possible discrepancy between the written plea agreement and the addendum to the presentence report in which the probation officer indicated that Payton "may be retracting responsibility for the distribution of 1.5 kilograms of crack cocaine." After some discussion with the court, Payton orally moved to withdraw his plea and later filed a written motion. The court scheduled another hearing and after listening to all that was presented, it determined that Payton had not established a fair and just reason to withdraw his plea, denied the motion, and adjudicated Payton guilty. The court suggested that Payton was disappointed by not receiving a downward departure but that he had been informed at the Rule 11 hearing that a downward departure motion might not be forthcoming and about the consequences of pleading guilty. An evidentiary hearing was held before sentencing, and based on that record the court found Payton responsible for over 1.5 kilograms of crack cocaine, remarking that that figure was "conservative."

A district court is permitted, but not required, to allow a defendant to withdraw a guilty plea before sentencing. See Fed. R. Crim. P. 32(e); United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995); United States v. Yell, 18 F.3d 581, 582 (8th Cir.

2

1994). Rule 32(e) provides that when a motion to withdraw is made before sentence is imposed, the court may grant the motion "if the defendant shows any fair and just reason." In United States v. Hyde, 117 S. Ct. 1630, 1634-35 (1997), the Supreme Court used this standard to review a motion made after a plea had been accepted but while the court had the plea agreement under advisement. The Court stated that allowing a defendant to repudiate a guilty plea for insufficient reason would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." Id. at 1634. In ruling upon a motion to withdraw, the district court may consider a variety of additional factors, such as whether the defendant asserts actual innocence, the length of time between the plea and the motion to withdraw, and prejudice to the government. See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998), petition for cert. filed, -- U.S.L.W. ---- (U.S. Oct. 27, 1998) (No. 98-7750); United States v. Boone, 869 F.2d 1089, 1091-92 (8th Cir. 1989). If a defendant does not present a fair and just reason for withdrawal of a guilty plea, however, there is no need to examine the other factors. See Gray, 152 F.3d at 819; United States v. Abdullah, 947 F.2d 306, 311 (8th Cir.1991). We review a district court's disposition of a motion to withdraw a plea for abuse of discretion. See Abdullah, 947 F.2d at 311.

Payton argues that he should not have been required to meet the "fair and just reason" standard because the district court had not announced that it had accepted his plea at the time he made his motion. He claims that a defendant has an absolute right to withdraw his plea before it has been accepted. This argument is without merit. Rule 32(e) sets the applicable standard prior to sentencing, and the fact that the court had not yet formally accepted the plea is not determinative. Under the rules a defendant has an absolute right to withdraw his plea if the court ultimately rejects the plea agreement, but otherwise he must show a fair and just reason. See Hyde, 117 S. Ct. at 1634. In actual practice the acceptance of the plea agreement is often not done until the sentencing hearing. Id. at 1635. Here, as in Hyde, the court was awaiting the presentence report so it could evaluate the plea agreement. It had already

3

conducted an extensive Rule 11 hearing to clarify for Payton the consequences of a plea to the charge, and it had also previously found that Payton entered his plea knowingly and voluntarily. The court held a hearing on the motion to withdraw the plea and considered the points raised by and on behalf of the defendant. It concluded that these points did not amount to a fair and just reason. That was the proper standard for it to use, and we conclude that it did not abuse its discretion in denying the motion.[2]

After carefully considering Payton's claims on this direct appeal of his conviction, we affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Payton also claims that he did have fair and just reason to withdraw his plea because he received ineffective assistance of counsel which prevented his plea from being knowing and voluntary. Allegations of ineffective assistance of counsel are normally not considered on direct appeal because the factual basis has not been developed. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997); United States v. Hawkins, 78 F.3d 348, 351 (8th Cir.), cert. denied, 117 S. Ct. 126 (1996). Without a developed factual record Payton's claim of ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), cannot be considered. The proper procedural mechanism for such a claim is a motion under 28 U.S.C. § 2255.