# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2933
No. 00-3171

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| | * | District of Arkansas. |
| James Zantreece Austin, | * | |
| | * | |
| Appellant/Cross-Appellee. | * | |

_____

Submitted: May 15, 2001
Filed: June 18, 2001

_____

Before BOWMAN, Circuit Judge, and BOGUE[1] and MAGNUSON,[2] District
    Judges.[3]

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District
of South Dakota, sitting by designation.

[2]The Honorable Paul A. Magnuson, Chief Judge, United States District Court
for the District of Minnesota, sitting by designation.

[3]Pursuant to 28 U.S.C. § 46(b), the Chief Judge certified the existence of a
judicial emergency necessitating the designation of a panel consisting of fewer than two
members of the Court of Appeals.

MAGNUSON, District Judge.

Appellant James Zantreece Austin ("Austin") pleaded guilty to three counts of delivery of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841. Austin's initial plea agreement, entered into on August 14, 1998, explicitly contemplated a four-level enhancement for his role as an organizer and leader in a criminal enterprise known as the Oak Street Posse. See U.S.S.G. § 3B1.1. The District Court[4] later allowed Austin to withdraw the plea because Austin vehemently objected to the leadership enhancement.

The second plea agreement, dated June 3, 1999, was silent as to any enhancement pursuant to § 3B1.1. After conducting a presentence investigation into the matter, Probation submitted a presentence report ("PSR") recommending a four-level enhancement for Austin's leadership role in the Oak Street Posse. (PSR ¶ 17.) At the sentencing hearing, the District Court pronounced that it was inclined to apply Probation's recommended four-level enhancement. The District Court's determination followed the testimony of two of Austin's co-defendants, Jason Coakley and Yusef Bankhead, both of whom testified that Austin was a respected leader in the Oak Street Posse. (See Sentencing Tr. at 32-34, 76-78, 81-82, 111-14, 123-25, 130-31.) Although Austin presented witnesses to rebut his co-defendants' testimonies, those witnesses refused to submit to cross-examination, and their direct testimonies were consequently stricken by the District Court. At the close of the hearing, Austin asserted for the first time that the enhancement violated the plea agreement. In response, the Government denied ever promising not to pursue or support a § 3B1.1 enhancement. The District Court resolved the impasse by equitably reducing the previously announced four-level enhancement to two levels. After the hearing, but before the District Court filed its formal judgment and sentence, the

_____

[4] The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

Government filed a Motion asking the court to increase the § 3B1.1 enhancement from two to four levels. The District Court denied the Motion and entered a sentence and judgment consistent with its oral pronouncement: 172 months' imprisonment followed by four years' supervised release. In the Order, the court expressly noted that it was "persuaded that the government established by a preponderance of the evidence that a two-level enhancement was warranted based on defendant's role." (Appellant's App. at 14.) The Government subsequently filed a "Supplemental Motion for Reconsideration and for Hearing," again seeking a change in the sentence. Austin filed a response including a Motion seeking reconsideration of the § 3B1.1 enhancement. The District Court, fifteen days after entry of the formal sentence and judgment, ruled on the Motions by entering an order imposing a recalculated sentence. The amended sentence, based on an increase in the § 3B1.1 enhancement from two to three levels, extended Austin's term of incarceration by 16 months, from 172 to 188.

Austin appealed both his original and revised sentences to this Court. We found that the appeal of his original sentence was untimely, but that his appeal from the revised sentence was timely made. United States v. Austin, 217 F.3d 595, 596-98 (8th Cir. 2000). We concluded that the District Court was without jurisdiction to alter Austin's sentence because it was modified more than seven days after the original sentence was imposed. Id. at 598; see also Fed. R. Crim. P. 35(c). We then vacated the order, and remanded the case for reimposition of the original sentence. Pursuant to the remand order, the District Court once again entered a sentence of 172 months.

Austin now appeals, arguing that the Government violated the plea agreement by seeking an enhancement for his leadership role in the offense. Austin also argues that there was insufficient evidence for the District Court to grant a two-level enhancement. Finally, Austin contends that his sentence was entered in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), because his leadership role was not charged in the indictment. The Government also appeals on the ground that the District Court should have applied a three-level enhancement based on his leadership role in the

Oak Street Posse, which had 20 or more members. See § 3B1.1(b). For the reasons stated below, we affirm.

I.

Austin first argues that the Government violated the plea agreement by pursuing an enhancement for his leadership role in the offense. Issues concerning the interpretation and enforcement of a plea agreement are reviewed de novo. United States v. Wilkerson, 179 F.3d 1083, 1085 (8th Cir. 1999).

As both parties note, the plea agreement is silent as to the propriety or applicability of any § 3B1.1 enhancement. The agreement does, however, provide that: "It is specifically understood by the defendant that the sentence is subject to the Sentencing Guidelines. The United States has informed the defendant that the determination of the applicability of the Guidelines and of the appropriate sentence is within the sole discretion of the District Court." (Plea Agreement at ¶ 3.) The agreement also provides that: "This document completely reflects all promised, agreements and conditions made between the parties." (Id. ¶ 15.) Nevertheless, according to Austin, in negotiating the second plea agreement, the Government promised not to pursue a leadership enhancement. The Government denies that any such promise was made. It is undisputed, however, that Austin sought the withdrawal of the first plea agreement solely because he disagreed with the leadership enhancement provision. Austin maintains that if he had known that the Government would pursue such an enhancement under the second plea agreement, he would have gone to trial. Apart from Austin's protestations, there has been no clear evidence presented supporting Austin's assertion that the Government agreed to essentially waive any leadership enhancement.

Given these circumstances, particularly the absence of concrete evidence that the Government agreed not to pursue or support a § 3B1.1 enhancement, the Government

will not be deemed to have breached the plea agreement by supporting such an enhancement. See United States v. Cheek, 69 F.3d 231, 233 (8th Cir. 1995) (holding that the government did not breach the plea agreement by requesting a leadership role enhancement where the agreement was silent as to that issue and the agreement stated that it was the parties' complete agreement). We note that the plea agreement's silence on the issue of the leadership enhancement may simply mean that Austin was not wedded to the enhancement, as he had been under the first plea agreement, and that he had the opportunity to disprove the Government's evidence of his leadership role. It does not necessarily mean that the Government was barred from pursuing or supporting the enhancement under any circumstances.[5]

## II.

Austin also argues that the District Court erred in determining that he had a leadership role in the offense, and in assessing a two-level enhancement on the basis of that leadership role. A two-level enhancement is applicable if the defendant is found to have been "an organizer, leader, manager, or supervisor in any criminal activity." § 3B1.1(c). A district court's determination of a defendant's role in an offense is a factual finding that is reviewed for clear error. United States v. Ayers, 138 F.3d 360, 364 (8th Cir. 1998).

---

[5]Although we do not find sufficient evidence to establish that the Government violated the plea agreement in this case, we note that it is not uncommon for the Government to omit controversial provisions from a plea agreement knowing that Probation will include that provision in the PSR. As a result, defendants may be subject to sentencing enhancements that, if known at the time of entering into the plea agreement, would likely have affected their decisions to plead guilty. Our decision in this case in no way condones such practices. The Government must act in a forthright and honest manner when entering into plea agreements with criminal defendants. The ends of justice demand nothing less.

After reviewing the sentencing hearing transcripts, we are satisfied that the District Court's decision to apply a leadership role enhancement was not clear error. Two of Austin's co-defendants, Jason Coakley and Yusef Bankhead, testified extensively regarding Austin's influential role in the Oak Street Posse. (See Sentencing Tr. at 32-34, 76-78, 81-82, 111-14, 123-25, 130-31.) We will not question the District Court's assessment of their credibility. See United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999) ("A credibility determination by the district court is 'virtually unreviewable on appeal.'"). Furthermore, Austin's only witnesses were properly discounted after they refused to submit to cross-examination. See United States v. Humphrey, 696 F.2d 72, 75 (8th Cir. 1982) (holding that a district court may strike all or part of a witness' testimony if the witness refuses to answer questions on cross examination, particularly if those questions seek to directly assail the truth of the witness' testimony).

## III.

Austin's final argument on appeal is that the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), by considering his leadership role in the offense, a factor not pleaded in the indictment. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In this case, Austin was sentenced to 172 months' imprisonment, well below the statutory maximum of 40 years. See 21 U.S.C. § 841(b)(1)(B). Because the District Court's two-level leadership enhancement did not lead to the imposition of a sentence above the statutory maximum, Austin's Apprendi challenge is categorically barred.

## IV.

The Government contends that the District Court erred in not applying a three

or four-level enhancement for Austin's leadership role in the offense. As noted above, the District Court's determination relating to a defendant's role in the offense is a factual finding that is reviewed for clear error. Ayers, 138 F.3d at 364.

The Guidelines have three provisions for enhancements in offense level due to a defendant's "aggravating" role in an offense. If the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," the offense level is to be enhanced by four levels. § 3B1.1(a). If the defendant was a manager or supervisor, but not an organizer or leader, and the criminal activity involved five or more participants or was otherwise extensive, the offense level is to be enhanced by three levels. § 3B1.1(b). If the defendant was "an organizer, leader, manager, or supervisor in any criminal activity other than described [in the previous two sections]," the offense level is to be enhanced by two levels. § 3B1.1(c). According to the Government, a three-level enhancement should have been applied in this case because there were more than five members of the Oak Street Posse, the gang in which Austin was found to have been a "manager or supervisor" by the District Court.

The Eighth Circuit has unequivocally held that "[a] trial court's only options in cases involving a criminal activity with five or more participants are . . . a four-level enhancement under § 3B1.1(a), a three-level enhancement under § 3B1.1(b), or no enhancement at all (if the defendant played no aggravating role in the offense)." United States v. Kirkeby, 11 F.3d 777, 778-79 (8th Cir. 1993); see also United States v. Pena, 67 F.3d 153, 157 (8th Cir. 1995) ("If a conspiracy comprises five or more participants, and the defendant played an aggravating role, the sentencing court must impose this three-level enhancement."). In this case, the District Court found that Austin was a supervisor or manager in the gang within the meaning of § 3B1.1. Importantly, however, the District Court did not, at any relevant time, make a finding that Austin's criminal operation involved more than five other individuals. In handing down its original sentence, the District Court made no finding whatsoever about the number of

participants in Austin's criminal activities. The first time any finding to that effect was made was when the District Court granted the Government's Supplemental Motion for Reconsideration and for Hearing. (See Appellant's App. at 21-22.) As previously noted, however, the Government's Motion was untimely, and the District Court's amended sentence was reversed by this Court on that basis. See Austin, 217 F.3d at 596-98. After the District Court reinstated the 172-month sentence on remand, the Government failed to move for reconsideration under Fed. R. Crim. P. 35(c). Thus, the findings made by the District Court in recalculating the original sentence have no bearing on this Court's review of Austin's originally imposed 172-month sentence. Instead, we turn only to the District Court's findings of fact made at the time the 172-month sentence was first imposed.

A review of the sentencing transcript and the District Court's Order reveals that the court did not make a specific finding as to the number of individuals involved in the Oak Street Posse, nor did the court expressly conclude that Austin's role was otherwise extensive. Accordingly, we conclude that the District Court properly applied a two-level enhancement for Austin's supervisory or managerial role in the Oak Street Posse.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.