# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2861

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Timothy Has No Horses, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: March 15, 2001

Filed: August 16, 2001

_____

Before BYE and JOHN R. GIBSON, Circuit Judges, and FRANK,[1] District Judge.

_____

JOHN R. GIBSON, Circuit Judge.

Timothy Has No Horse[2] appeals the judgment entered following his plea of guilty to a charge of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3), 1153 (1994 & Supp. IV 1998) and the order denying his motion to withdraw

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

[2]Although the caption states that the defendant's last name is "Has No Horses," it appears that the correct name is Has No Horse.

his plea. He argues that the district court[3] erred by not allowing him to withdraw his plea and that the government breached the plea agreement. We affirm.

On the day before trial was to have commenced, Has No Horse entered into a plea agreement that incorporated the following facts: In the late evening of June 7 and the early morning of June 8, 1999, Has No Horse, a member of the Oglala Lakota Nation, was at his mother's house on the Pine Ridge Indian Reservation along with Pam White Bull and others. An altercation began when he started shouting at White Bull. During the course of the fight, without just cause or excuse, he broke a beer bottle and cut White Bull's forearm with the broken edge, intending to inflict bodily harm upon her.

In the plea agreement, the government agreed to recommend that the district court find that Has No Horse accepted personal responsibility for his conduct and that the court reduce his offense level by two in accordance with U.S.S.G. § 3E1.1(a). The government also agreed that Has No Horse was entitled to a one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2). Has No Horse agreed and understood that the government would recommend a two-level enhancement for bodily injury pursuant to U.S.S.G. § 2A2.2(b)(3)(A). The government agreed to recommend a sentence at the low end of the guideline range and to not recommend an upward departure. The agreement stated, "The defendant understands that any recommendation made by the United States or defendant is not binding on the Court. The defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation."

Has No Horse pleaded guilty on January 11, 2000. The district court read the charge from the indictment, and Has No Horse acknowledged that he understood what

---

[3]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

he was charged with. He answered the court's questions affirmatively, admitting that he had read the plea agreement and had an ample opportunity to study it with his attorney. He further agreed that he understood that the agreement did not bind the court to a particular sentence, that it contained terms that were merely recommendations which the court could reject, that he might receive a sentence different from what he expected, and that if he was unhappy with his sentence he would not have an opportunity to withdraw his plea of guilty.

The court informed him that the maximum sentence for assault with a dangerous weapon was ten years. It explained that, if the case went to trial, the government would have to prove the following elements of his offense beyond a reasonable doubt: that he assaulted White Bull, that he intended to do bodily harm, that he used a dangerous weapon to commit the assault, that the act was committed without just cause or excuse, that Has No Horse is an Indian, and that the offense occurred in Indian country. The court explained that "just cause or excuse would include any acts committed by accident, self-defense or some other innocent reason."

The presentence investigation report, dated February 25, 2000, recommended an enhancement for obstruction of justice based on White Bull's telephone call to the tribal public safety commission several days after the assault. She reported that Has No Horse told her to lie and say that she fell down the steps. White Bull also stated that Has No Horse told his brother, who witnessed the incident, to lie to the authorities. The report recommended no adjustment for acceptance of responsibility because Has No Horse denied telling White Bull and his brother to lie to law enforcement. The report recommended a two-level enhancement because White Bull sustained bodily injury. Has No Horse submitted a number of objections to the presentence report, including objections to these three recommendations.

On April 7, 2000, three days before his sentencing was to take place, Has No Horse filed a motion to withdraw his plea of guilty with a supporting affidavit. His

motion to withdraw was based on several things: advice he received regarding his sentence; the court's alleged failure to advise him of the elements of the offense; the government's agreement to a three-level reduction for acceptance of responsibility and breach of that agreement by failing to object to the presentence report; lack of consideration for the plea agreement; and lack of prejudice to the government if the plea were withdrawn. At oral argument on the motion, Has No Horse argued that because the government had agreed to recommend the three-level reduction for acceptance of responsibility, he reasonably understood he would get a reduction and not a two-level increase for obstruction of justice. Has No Horse pointed out that at the time he entered into the plea agreement, the government was aware of the allegations of White Bull that supported the presentence report's recommendation for obstruction. The government affirmed several times that it would recommend credit for Has No Horse's acceptance of responsibility at sentencing.

The district court inquired whether the essence of Has No Horse's motion was that he was dissatisfied with the presumptive sentence contained in the presentence report, and his counsel responded that it was a primary reason for filing the motion. The court stated that the only issue was whether Has No Horse acted voluntarily, knowingly, and of his own free will when he entered the plea. The court then read through nearly the entire transcript of the plea colloquy. The court found that Has No Horse knew what he was doing when he entered his plea of guilty and knew that he was subjecting himself to a possible ten-year sentence. The court further found that Has No Horse's dissatisfaction with the presumptive sentence contained in the report was not sufficient grounds to grant his request to withdraw his plea.

At the sentencing hearing, the district court referred to the various objections Has No Horse made to the presentence investigation report, including his objection to the obstruction of justice enhancement. The court discussed who bore the burden of proof on the objections, stated that the government had the burden on obstruction of justice, and directed the government to proceed and assume its burden. The government called

White Bull as a witness and first questioned her about the injuries she sustained as a result of the assault. When the government began questioning her about facts related to obstruction, Has No Horse argued that the government had an obligation not to get into that issue. The court stated that the government must establish the facts posited by the presentence report notwithstanding the plea agreement. The government then affirmed that it was standing by its agreement to recommend acceptance of responsibility. The court stated that because Has No Horse objected to the obstruction enhancement, the government was required to explore the issue. White Bull then testified that Has No Horse told her to tell the police that she fell down the stairs and to deny that he struck her. She confirmed that she initially lied to the police and later told them what actually happened.

Before the court sentenced Has No Horse, the Assistant United States Attorney stated:

> Your Honor, the only thing I want to say is I've never been put in a position as I have with this matter. Having agreed the defendant accepted responsibility, he then proceeds to file a motion to withdraw his plea in which he questions whether or not he was advised that the offense needed to have been committed without just cause or excuse. After that he files over a dozen objections which directly attack the factual basis which I believe he and I, the defendant and I, agreed upon prior to signing the plea agreement.
> However, for the sake of balance, I still recommend that you give the defendant points for acceptance of responsibility because he avoided a trial and avoided having the witness testify as to the facts in this matter, but--no but, that's what I am recommending.

He also recommended that the court sentence Has No Horse at the low end of the sentencing range.

The court found that Has No Horse's attempt to persuade White Bull not to proceed in this case was obstruction of justice. The court also found that the obstruction could not be characterized as part of the assault, as it occurred at least four days later. The court denied acceptance of responsibility. Based upon its findings, the court concluded that the guidelines provided for a sentencing range of 70 to 87 months and imposed a sentence of 72 months.

## I.

Has No Horse argues that the district court should have allowed him to withdraw his plea before sentencing and proceed to trial because he established fair and just reasons for the withdrawal. See Fed. R. Crim. P. 32(e). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Payton, 168 F.3d 1103, 1105 (8th Cir. 1999).

Has No Horse contends he was advised that his sentence would be 30 to 37 months, and that this advice was erroneous. At the plea colloquy, Has No Horse testified he understood that the court was not bound to a particular sentence and that he might receive a sentence that differed from his expectations. Also, the district court clearly and unambiguously informed Has No Horse that the maximum sentence for his crime was ten years.

Has No Horse argues that the district court failed to advise him of the elements of the crime to which he pleaded guilty and that he failed to understand the elements. The affidavit filed in support of his motion to withdraw stated that Has No Horse did not recall being advised that his actions during the altercation with White Bull must have been done without just cause or excuse and that his intoxication or White Bull's contribution to the incident might provide a defense. At the plea colloquy, the court read the charge from the indictment, which included the "without just cause or excuse" element. Has No Horse then acknowledged that he understood the charges against him.

The court restated the elements when explaining the government's burden of proof and explained that "just cause or excuse would include any acts committed by accident, self-defense or some other innocent reason."

Has No Horse argues that the government agreed he would receive a three-level reduction for acceptance of responsibility. The government agreed to recommend the reduction for acceptance and did not guarantee that Has No Horse would receive it. Also, at the time Has No Horse moved to withdraw his plea, the government stated several times that it would recommend a reduction for acceptance of responsibility, and the court reminded Has No Horse that it would not be bound by any recommendations.

Has No Horse also argues that plea agreements are governed by contract principles and that a contract lacking in consideration cannot be enforced. He argues that because he did not receive a three-level decrease for acceptance of responsibility and because he received a two-level increase for obstruction, the plea agreement fails for lack of consideration. Has No Horse fails to recognize that the consideration for his agreement was the government's recommendation of a reduction for acceptance of responsibility, not that Has No Horse would receive such a reduction.

Finally, Has No Horse argues that the government would not be prejudiced by a withdrawal of his plea. In light of the fact that he failed to prove a fair and just reason for withdrawal, this factor is irrelevant. See Payton, 168 F.3d at 1104-05. The district court did not abuse its discretion by denying Has No Horse's motion to withdraw his plea of guilty.

## II.

Has No Horse argues that the government breached the plea agreement in two respects: first, the government did not object to the presentence report even though the report recommended no reduction for acceptance of responsibility and a two-level

increase for obstruction of justice, and second, the government elicited testimony from White Bull at the sentencing hearing that established the evidentiary basis for an obstruction of justice enhancement. "Issues concerning the interpretation and enforcement of a plea agreement are reviewed de novo." United States v. Austin, 2001 WL 673518, at *2 (8th Cir. June 18, 2001).

With regard to the first allegation of breach, the plea agreement did not obligate the government to object to recommendations made in the presentence report. It required the government to recommend a reduction for acceptance of responsibility, and the government made this recommendation at sentencing. Has No Horse alleges that the government recommended the reduction while "winking" at the district court, apparently because he is unhappy with the statements made by the Assistant United States Attorney. While the attorney's recommendation was less than enthusiastic, this lack of enthusiasm does not breach the agreement.

Has No Horse's second allegation of breach rests on the proposition that an obstruction enhancement negates any possibility for an acceptance reduction. This is not so. Under the guidelines commentary, conduct that results in an obstruction enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n. 4). In an extraordinary case, however, adjustments for both obstruction and acceptance may apply. Id.

While the government knew of the allegations that supported the obstruction enhancement at the time the plea agreement was reached, the agreement is simply silent on the issue of obstruction. In addition, the district court directed the government to address obstruction at the sentencing hearing. The government did not breach the plea agreement by asking White Bull about Has No Horse's request that she lie to the police.

Has No Horse directs us to United States v. Hawley, 93 F.3d 682 (10th Cir. 1996), but that case is distinguishable. In Hawley, the government agreed, among other

things, not to oppose a three-level reduction for acceptance and not to oppose the position that Hawley not receive a two-level enhancement for obstruction. Id. at 691. The court found that the government breached the agreement because it opposed an adjustment for acceptance of responsibility by arguing that no facts supported a finding that this was an extraordinary case warranting a reduction for acceptance given the finding that Hawley had obstructed justice. Id. at 693. Here, the government recommended a reduction for acceptance and did not argue that the case was not extraordinary. In fact, during the hearing on Has No Horse's motion to withdraw his plea, the government stated that if it pursued obstruction, it was making the argument that this is an exceptional case. The burden was on Has No Horse to show that he was entitled to a reduction for acceptance of responsibility, United States v. Honken, 184 F.3d 961, 968 (8th Cir. 1999), and he did not argue that his was an extraordinary case.

At oral argument, the United States Attorney pointed out that victims of domestic violence often recant. He further stated that although the obstructive behavior of the perpetrator may cause the victim's lie, this behavior should not act as a per se bar to credit for acceptance of responsibility. If that were the case, such perpetrators would have little incentive to plead guilty, and victims of domestic violence in Indian country would be forced to go through a trial. In this case, however, Has No Horse took other actions that negated his acceptance of responsibility, including, among other things, denying that he told White Bull to lie and objecting to the presentence report's recommendation of a two-level bodily injury enhancement in spite of the fact that, in his plea agreement, he agreed and understood that the government would recommend such an enhancement.

For the foregoing reasons, we affirm the judgment and sentence of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.