# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 03-3854

───────────

Pacific Insurance Company,       *

       *

           Appellant,      *

       *   Appeal from the United States

     v.                    *   District Court for the

       *   District of Minnesota.

Burnet Title, Inc.,            *

       *

           Appellee.       *

───────────

Submitted:  June 14, 2004
Filed:  August 19, 2004

───────────

Before LOKEN, Chief Judge, HEANEY and BYE, Circuit Judges.

───────────

BYE, Circuit Judge.

Pacific Insurance Company appeals the district court's[1] partial grant of summary judgment in favor of Burnet Title, Inc.  The district court held Pacific had a duty to defend Burnet in a class action suit which alleged Burnet overcharged clients for closing costs and failed to disclose material information in settlement statements during real estate transactions.  We affirm.

───────────────

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

# I

Pacific issued an Errors and Omissions (E&O) insurance policy to Burnet which provided coverage for negligent acts, errors, or omissions in the rendering of or failure to render professional services. The policy defined professional services as "services performed or advice given in the Insured's capacity as a Title Agent, Title Abstractor and Escrow Agent." An endorsement to the policy further provided that professional services included loan origination, loan processing, loan underwriting, and loan closing services.

While the E&O policy was in effect, Teresa Boschee brought a class action lawsuit against Burnet on behalf of herself and others similarly situated. Boschee had refinanced her mortgage through Burnet. In the class action suit, she accused Burnet of overcharging closing costs and of failing to disclose material information on her settlement statement. Specifically, Boschee alleged Burnet routinely charged customers $25 for each instance of courier delivery involved in a loan closing even though the actual charge by the third-party courier performing the delivery service was less than $25. Boschee further alleged Burnet violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, by (a) failing to disclose on the settlement statement the actual cost of the courier services and (b) charging an unearned fee.

On January 28, 2000, Burnet made its First Notice of Claim under the E&O policy and provided Pacific with a copy of the Boschee complaint. Burnet requested that a particular law firm, with which it had an established relationship, defend it in the Boschee suit. Pacific acknowledged the claim in a fax dated February 4, 2000, and approved Burnet's choice of counsel. The fax did not contain a reservation of rights under which Pacific reserved the right to contest its duty to defend Burnet in the Boschee suit.

On October 26, 2000, after several months had passed during which Pacific provided Burnet a defense in the Boschee suit, Pacific sent Burnet another letter acknowledging the claim. This letter also did not specifically reserve Pacific's right to contest its duty to defend, but did note the Boschee complaint included some allegations of intentional, willful conduct, and generally referenced both Minnesota's public policy against indemnification for such conduct and a policy exclusion for acts that were "fraudulent, criminal, or involved concealment and intentional misrepresentation."

Nine months later, on July 18, 2001, Pacific sent Burnet another letter. For the first time, Pacific referred to specific policy language regarding intentional or fraudulent conduct which it believed excluded coverage for an award of damages in the Boschee suit and "reserve[d] the right to deny coverage to Burnet Title and/or its agents should facts become known to us warranting this action in the future." With respect to its duty to defend, Pacific said:

> Notwithstanding the above Reservation of Rights, Pacific Insurance Company will continue to defend you in this matter. . . . Please be advised that Pacific's defense of this matter is without prejudice, and is not intended to waive any rights or obligations of either the insured or Pacific under any of Pacific's insurance policies. Pacific Insurance Company hereby reserves all of its rights and defenses under the policy.

On February 6, 2002, more than two years after Pacific first received the Boschee complaint and reviewed its allegations, Pacific wrote Burnet another letter which stated "[w]e wish to advise you of [our] position that none of the claims asserted in the Boschee class action fall within the scope of the policy issued by Pacific." The letter cited three reasons the claims were not covered. First, Pacific reiterated its position that the complaint alleged intentional rather than negligent acts. Second, for the first time, Pacific referred to the policy's definition of "damages," which expressly excluded "the return or reimbursement of fees for 'professional

services.'" Pacific contended the "claims asserted against Burnet Title in the Boschee class action do not constitute 'damages' as defined since they seek the return of overcharged fees." Third, for the first time, Pacific referred to a policy exclusion for conversion which applied to any "act, error or omission, claim, or suit arising out of or anyway related to any conversion of funds or other property." The February 2002 letter also purported to "reserve the right to seek reimbursement of all attorney's fees, litigation expenses and costs of suit . . . that are incurred in the defense of non-covered claims."

One week later, Pacific filed a declaratory judgment action against Burnet in federal district court seeking a declaration that it has no duty to defend or indemnify Burnet in the Boschee suit. Pacific originally filed the action in California; it was later transferred to Minnesota. In the spring of 2003, the parties filed cross-motions for summary judgment addressing both issues of defense and indemnification.

On September 24, 2003, the district court entered partial summary judgment in Burnet's favor on the duty-to-defend issue, then later certified the issue for immediate appeal under Fed. R. Civ. P. 54(b). See John Deere Ins. Co. v. Shamrock Indus., 929 F.2d 413, 419 (8th Cir. 1991) (holding district court did not err in issuing Rule 54(b) certification on a duty-to-defend issue). Pacific filed a timely appeal.

II

"We review all issues related to the district court's interpretation of insurance policies de novo." Am. Simmental Ass'n v. Coregis Ins. Co., 282 F.3d 582, 586 (8th Cir. 2002) (citing United Fire & Cas. Co. v. Fidelity Title Ins. Co., 258 F.3d 714, 718 (8th Cir. 2001)). We apply state law in this diversity case. Lefler v. Gen. Cas. Co. of Wis., 260 F.3d 942, 945 (8th Cir. 2001). Minnesota law requires the insurer to defend "when any part of the claim against the insured is arguably within the policy's scope." Metro. Prop. & Cas. Ins. Co. v. Miller, 589 N.W.2d 297, 299 (Minn. 1999).

"[T]he insurer's obligation to defend is determined by comparing the allegations of the complaint with the relevant policy language." Garvis v. Employers Mut. Ins. Cas. Co., 497 N.W.2d 254, 256 (Minn. 1993).

The district court held the allegations of the Boschee complaint implicate professional services negligently performed by Burnet and therefore triggered a duty to defend. Pacific contends there are three reasons why the claims alleged in the Boschee complaint are not arguably within the policy's scope and do not trigger a duty to defend. We address each reason in turn.

First, Pacific notes the claims made in the Boschee complaint all result from Burnet overcharging clients for courier services performed by third parties. Pacific contends the E&O policy only provides coverage for claims arising out of the negligent performance of professional services involving the specialized knowledge or skill required of real estate service providers, and the act of overcharging is a ministerial task rather than a professional service. Pacific relies upon Medical Records Associates v. American Empire Surplus Lines Insurance Co., 142 F.3d 512, 514-17 (1st Cir. 1998), which addressed whether overcharging for copies of patients' medical records was a "professional service" within the meaning of an E&O policy and concluded it was not.

This case differs from Medical Records because the Boschee complaint alleges more than overcharging. The complaint also alleges Burnet owed "real estate transaction fiduciary duties," App. 26, and violated RESPA by failing to disclose material facts on settlement statements, App. 27, 32, 34, 37, 38. Indeed, in its letter dated July 18, 2001, Pacific itself described the Boschee complaint as alleging a substantive violation of RESPA related to Burnet's duty to disclose material facts in settlement statements. "The complaint alleges that Burnet Title Company allegedly violated the Real Estate Settlement Practices [sic] Act by *failing to disclose* to buyers

that settlement charges from third parties were less than the amounts eventually charged to buyers for these same services." App. 164 (emphasis added).

Part of Congress's purpose in passing RESPA was to insure consumers were provided with "greater and more timely information on the nature and costs of the settlement process." 12 U.S.C. § 2601(a). The statutory obligation imposed upon real estate service providers to provide accurate information in settlement statements is distinct from the mere act of overcharging for services. Cf. Haug v. Bank of Am., N.A., 317 F.3d 832, 838 (8th Cir. 2003) (noting RESPA does not directly target overcharging, but was intended to "regulate the underlying business relationships and procedures [of real estate service providers] of which the costs are a function." (quoting 1974 U.S.C.C.A.N. 6548)). We conclude an allegation that a real estate service provider failed to disclose costs accurately on settlements statements relates to its professional rather than ministerial conduct, and is the type of professional misconduct usually covered by an E&O policy. Thus, the Boschee complaint's allegations regarding substantive violations of RESPA are arguably within the scope of the E&O policy and trigger a duty to defend.

Next, Pacific argues the Boschee complaint only alleges intentional and willful acts on Burnet's part, and therefore Pacific had no duty to defend because the policy only covers negligent acts, errors, or omissions. We disagree. The Boschee complaint alleged Burnet violated RESPA, but did not specifically accuse Burnet of *intentionally* violating RESPA. Where a complaint does not distinguish between intentional and negligent conduct it can "reasonably be construed to include both." Reinsurance Ass'n of Minn. v. Timmer, 641 N.W.2d 302, 312 (Minn. Ct. App. 2002). Moreover, proof of intent is not necessarily required to establish a violation of RESPA. See, e.g., In re Old Kent Mortgage Co. v. Yield Spread Premium Litig., 191 F.R.D. 155, 166 (D. Minn. 2000) (analyzing RESPA's kickback/split fee/referral provisions and finding no support for the "proposition that subjective intent is a factor in determining liability under RESPA"). In other words, it is possible for a real estate

-6-

service provider to engage in intentional conduct but without intending to violate RESPA, and thus negligently violate RESPA. Cf. Nowacki v. Federated Realty Group, Inc., 36 F. Supp. 2d 1099, 1104-05 (E.D. Wis. 1999) (holding E&O insurer had duty to defend where the underlying complaint against insured alleged a "mixture of intentional and negligent acts" and insured could be found to have violated RESPA through error or omission). Because Burnet could have violated RESPA negligently, and the Boschee complaint can be reasonably construed as alleging a negligent violation of RESPA, the complaint's allegations are arguably within the scope of the E&O policy and trigger a duty to defend.

Finally, Pacific argues the Boschee complaint does not seek "damages" as that term is defined in the policy. More specifically, Pacific maintains the policy excludes from the definition "fines, sanctions or penalties against any insured, or the return or reimbursement of fees for 'professional services.'" App. 81. The Boschee plaintiffs sought "actual damages, along with prejudgment interest, penalties, treble damages, attorneys fees, costs, expenses and any other remedy available." App. 42. Since the actual damages sought were the return or reimbursement of the overcharged fees (and thus do not count as damages under the policy) and the district court found the treble damages were a "penalty" (and Burnet did not cross-appeal that determination), the fighting issue between the parties is whether the prayer for attorney fees constitutes "damages" within the meaning of the policy.

Burnet argues, and the district court determined, in the context of a claim for attorney fees under RESPA, the award of attorney fees is not a "cost" and therefore falls within the meaning of "damages." This is because RESPA distinguishes between "attorney fees" and "costs." See 12 U.S.C. § 2607(d)(5) ("In any private action brought pursuant to this subsection, the court may award to the prevailing party the court costs of the action *together with* reasonable attorneys fees." (Emphasis added)). We agree with the district court's analysis. Cf. Sokolowski v. Aetna Life & Cas. Co., 670 F. Supp. 1199, 1208-10 (S.D.N.Y. 1987) (construing ERISA's similar

distinction between "costs" and "fees" and concluding attorney fees sought pursuant to ERISA constituted "damages" within the meaning of an insurance policy).  Thus, the Boschee complaint alleges damages covered by the policy for purposes of triggering a duty to defend.

For the reasons stated, we affirm the district court in all respects.[2]

_____

[2]On appeal, Burnet raised the additional issue whether Pacific timely reserved a right to seek reimbursement of the fees it already spent defending the Boschee action.  Having affirmed the district court, we do not address this issue.