# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2546

_____

United States of America,

        Plaintiff - Appellee,

        v.

Mark Cottier,

        Defendant - Appellant.

        \*
        \*
        \*
        \*  Appeal from the United States
        \*  District Court for the District of
        \*  South Dakota.
        \*
        \*  [UNPUBLISHED]
        \*

_____

Submitted: December 14, 2009
Filed: December 18, 2009

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Mark Cottier pleaded guilty to assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153. In return for his plea of guilty, the government entered into a plea agreement, agreeing "that based upon the information known to it at this time, [Cottier] is entitled to a two-level decrease in his offense level" for acceptance of responsibility. The presentence investigation report (PSR) recommended a two-level reduction for acceptance of responsibility but the district court[1] rejected the recommendation and imposed a 120-month statutory maximum

_____

[1]The Honorable Richard H. Battey, Senior United States District Judge for the District of South Dakota.

sentence. On appeal, Cottier argues the government breached the plea agreement by failing to support, and arguing against, the acceptance of responsibility reduction. We affirm.

At approximately 3:00 a.m. on September 27, 2007, Cottier, while intoxicated, repeatedly struck Charlene Byrd in the head with a stereo speaker, inflicting serious head injuries. Cottier denied striking Byrd and told police the assault was committed by his girlfriend, Charmaine Wounded Head. Cottier maintained his innocence until entering into a plea agreement with the government.

Cottier pleaded guilty on April 14, 2009, and an amended plea agreement was filed on the same date. The plea agreement stated the government agreed Cottier was entitled to a two-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1(a). The plea agreement further noted any sentencing recommendation made by Cottier or the government was not binding on the district court, and the government would recommend a sentence within the applicable Guideline range as determined by the district court. The plea agreement reserved the government's right to present evidence and argument as to the appropriate within-Guideline sentence.

At sentencing, the district court noted, among other adjustments, the PSR recommended a two-level reduction for acceptance of responsibility but advised the parties it was considering denying the reduction. Defense counsel objected to the district court's contemplated denial of the reduction. The government offered no objection and argued the facts supported a sentence at the upper end of the applicable Guideline range. Thereafter, the government indicated it stood by its position with respect to acceptance of responsibility as set forth in the plea agreement, but noted the ultimate decision fell within the discretion of the court. The district court denied the reduction and imposed a statutory maximum 120-month sentence. On appeal, Cottier argues the government's failure to object to the district court's denial of the acceptance

of responsibility reduction and its arguments in support of a sentence at the upper end of the applicable Guideline range breached the plea agreement.

"Issues concerning the interpretation and enforcement of a plea agreement are reviewed de novo."  United States v. Has No Horses, 261 F.3d 744, 750 (8th Cir. 2001) (quoting United States v. Austin, 255 F.3d 593, 596 (8th Cir. 2001)).

"[A] defendant is not automatically entitled to a reduction for acceptance of responsibility on the basis of having entered a guilty plea.  Instead, the burden of proof falls upon the defendant to demonstrate that he has accepted responsibility for his actions."  United States v. Goings, 200 F.3d 539, 544 (8th Cir. 2000) (internal citations omitted).  The plea agreement entered into between Cottier and the government did not shift the burden of proof to the government.  As relevant to this appeal, the agreement only required the government to recommend a two-level reduction for acceptance of responsibility, while preserving the government's right to argue for a sentence at the upper end of the Guideline range as determined by the district court.  The government's failure to object to the factual recitation offered by the district court in support of its contemplated denial of the adjustment did not breach the agreement.  Indeed, the government expressly indicated during sentencing it stood by its position in the plea agreement that Cottier was entitled to the decrease.  While the government's attorney could have argued more forcefully on behalf of the two-level reduction, we have previously held a "lack of enthusiasm does not breach the agreement."  Has No Horses, 261 F.3d at 750.  Finally, we conclude the arguments offered by the government in support of a sentence at the upper end of the applicable Guideline range were not impermissible as contemplated by the plea agreement.

The judgment of the district court is affirmed.

_____