# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3734

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Morris Yellow, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 19, 2010
Filed: December 10, 2010

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Pursuant to a written plea agreement, Morris Yellow pleaded guilty to sexual abuse of a minor. The district court[1] sentenced him to 108 months' imprisonment after denying a three-level acceptance-of-responsibly reduction under U.S.S.G. § 3E1.1. Yellow timely appeals, claiming that the government breached the plea agreement by failing to adequately recommend an acceptance-of-responsibility reduction and by

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

undermining the reduction by presenting evidence of obstruction of justice. We affirm.

I.

On July 20, 2009, Yellow appeared before the district court to plead guilty to one count of sexually abusing a minor, in violation of 18 U.S.C. § 2243, for his prolonged abuse of a foster child placed in his care. In exchange for his plea, the government agreed to drop other charges against him and agreed to recommend a three-level acceptance-of-responsibility reduction. The government made no express promise as to whether it would forgo pursuing an obstruction-of-justice enhancement, and the government reserved the right to rebut any mitigating evidence raised by either the Pre-Sentence Investigation Report ("PSR") or Yellow.

Prior to the sentencing hearing, Yellow received a copy of the preliminary draft of the PSR and objected to several portions of it, including recommendations that he receive an obstruction-of-justice enhancement for pressuring the victim to recant her testimony and that he be denied an acceptance-of-responsibility reduction for obstructing justice, violating the terms of his pre-trial release, and telling his wife that he was innocent. Yellow asserted in his objections that he did not obstruct justice because he never personally attempted to pressure the victim into recanting, even though there was evidence that his wife may have done so. Yellow also asserted that he was entitled to the acceptance-of-responsibility reduction because he did not obstruct justice, he pleaded guilty, and, knowing his pre-trial conduct, the government nevertheless agreed to recommend the three-level reduction in the plea agreement. The government made no objections to the draft PSR.

On November 9, 2009, the district court accepted Yellow's plea of guilty and held a sentencing hearing. At the hearing, the government provided compelling evidence that Yellow and his wife "equally" pressured the victim into recanting after

-2-

inviting the victim over for Christmas. The government did not present any evidence directly on the acceptance-of-responsibility issue and, in argument, stated: "Now, pursuant to the terms of the Plea Agreement, your Honor, I am required to request that the Court grant acceptance of responsibility to [Yellow]." The Court, after hearing this testimony and argument, found that Yellow had obstructed justice by pressuring the victim. The Court also found that Yellow had not accepted responsibility both because he had obstructed justice and because letters written in support of Yellow indicated that Yellow had maintained his innocence in the community. The Court then sentenced Yellow at the top of the advisory guideline range. At the time of the sentencing, Yellow failed to object to the government's conduct as being a breach of the plea agreement.

II.

Yellow argues that the government clearly breached the plea agreement's provision on recommending an acceptance-of-responsibility reduction.[2] Yellow specifically asserts that the government failed to adequately support this reduction by declining to object to the draft PSR's recommendation against the reduction. Yellow also asserts that the government acted in bad faith and "essentially destroyed any opportunity" for the district to grant a reduction by presenting evidence of obstruction of justice because, under the Sentencing Guidelines, courts generally cannot find both. See U.S. Sentencing Guidelines § 3E1.1 cmt. n.4 ("Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal

---

[2]Yellow also asserts, in passing, that the district court plainly erred in calculating his guideline range; however, this argument is foreclosed by the plea agreement's appellate waiver. In contrast, Yellow's argument that the government breached the plea agreement survives the appellate waiver. United States v. Lovelace, 565 F.3d 1080, 1085–86 (8th Cir. 2009).

conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."). We disagree.

"Plea agreements are contractual in nature and should be interpreted according to general contractual principles." United States v. Thompson, 403 F.3d 1037, 1039 (8th Cir. 2005). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "Allowing the government to breach a promise that induced a guilty plea violates due process" and undermines the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." Thompson, 403 F.3d at 1039 (internal quotation and citations omitted). "The party asserting the breach . . . has the burden of establishing a breach." United States v. Smith, 429 F.3d 620, 630 (6th Cir. 2005).

We review for plain error whether the government breached the plea agreement in this case because Yellow failed to raise this issue during the sentencing proceedings. United States v. Smith, 590 F.3d 570, 576–77 (8th Cir. 2009). "Under plain error review, we must determine whether there was (1) an error, (2) that is clear or obvious, and (3) that affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings." United States v. Jeffries, 569 F.3d 873, 875–76 (8th Cir. 2009) (internal citation and quotation omitted). If these three conditions are met, we may remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 129 S.Ct. 1423, 1429 (2009) (internal quotation omitted).

We find no clear breach of the plea agreement in light of controlling case law. In United States v. Has No Horses, our Court faced a similar situation and found that the government was not required to object to a PSR's recommendation against an

-4-

acceptance-of-responsibility reduction so long as the government made this recommendation to the district court at sentencing. 261 F.3d 744, 750 (8th Cir. 2001). Our Court also rejected the argument that the government implicitly agrees to forgo pursuing an obstruction-of-justice enhancement when it agrees to recommend an acceptance-of-responsibility reduction because both adjustments may apply in a given case. Id. Finally, our Court indicated that the government's lack of enthusiasm when making a recommendation does not constitute a breach of the plea agreement. Id. Consequently, in light of precedent, we can find no plain error in Yellow's case because the government did recommend, albeit unenthusiastically, an acceptance-of-responsibility reduction and because the government never promised to refrain from presenting evidence of obstruction of justice.

## III.

Based upon the foregoing reasons, we determine there was no breach of the plea agreement and thereby affirm the judgment of the district court.

_____