# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1883

_____

United States of America

*Plaintiff - Appellee*

v.

Gerald Medrano-Rodriguez, also known as Geraldo Medrano-Rodriguez, also known as Gerald Rodriguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 29, 2014
Filed: December 31, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Gerald Medrano-Rodriguez directly appeals following imposition of sentence by the district court[1] upon his guilty plea to a drug offense. His counsel has moved

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in refusing to grant Medrano-Rodriguez an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). Medrano-Rodriguez has filed a pro se brief, arguing for the first time on appeal that the government breached the plea agreement by withholding a section 3E1.1(b) motion. The government has moved to dismiss based on an appeal waiver in the written plea agreement.

We deny the government's motion to dismiss, because we have some concern as to whether the district court drew appellant's attention to the waiver in the manner contemplated by Federal Rule of Criminal Procedure 11(b)(1)(N). See United States v. Boneshirt, 662 F.3d 509, 516 (8th Cir. 2011), cert. denied, 132 S. Ct. 1613 (2012).

Reviewing for plain error, we reject as meritless Medrano-Rodriguez's pro se argument that the government breached the plea agreement. See United States v. Yellow, 627 F.3d 706, 708-09 (8th Cir. 2010). Further, we need not reach the merits of the argument in counsel's Anders brief. Medrano-Rodriguez was subject to a 120-month statutory minimum sentence, which would have trumped the lower range resulting from an additional level of reduction for acceptance of responsibility– producing a Guidelines range of 120-121 months in prison. The district court sentenced Medrano-Rodriguez to 120 months, the very lowest sentence that the court could have imposed in the circumstances of this case. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003). Finally, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____