# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2684

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Stacey L. Gomez, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 15, 2003

Filed: April 16, 2003 (corrected April 23, 2003)

_____

Before LOKEN,[*] Chief Judge, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Stacey L. Gomez pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Gomez as a career offender to 360 months in prison, and he appealed. We affirmed the career offender finding but held that the government breached the plea agreement by failing to recommend an acceptance-of-responsibility adjustment. Therefore, we remanded

_____

[*]The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

"for further proceedings to determine whether Gomez should be permitted to withdraw his guilty plea, or whether he should be resentenced by another judge under conditions where the government fulfills its promise to recommend a three-level reduction for acceptance of responsibility." United States v. Gomez, 271 F.3d 780, 782 (8th Cir. 2001).[1]

On remand, Gomez moved to withdraw his guilty plea, asserting numerous justifications including a new claim that the plea was not knowing and voluntary because he was unaware of his career offender status when he entered the plea. Following an evidentiary hearing, the district court[2] denied the motion to withdraw and resentenced Gomez to 360 months in prison. Gomez appeals the denial of his motion to withdraw. We affirm.

## I. Procedural History.

Four months before Gomez entered his guilty plea, he made two proffers to the prosecution, seeking to persuade the government that he would ultimately be entitled to a downward departure motion based upon his substantial assistance in the investigation or prosecution of other offenders. See U.S.S.G. § 5K1.1. After negotiating the plea agreement, defense counsel advised Gomez to plead guilty and cooperate, anticipating he would thereby earn a substantial assistance downward departure motion. In the sentencing portion of the plea agreement, the parties stipulated that the base offense level was 32 and that Gomez "has admitted his guilt and accepted responsibility . . . in a timely fashion," which would normally entitle him to an offense-level reduction under U.S.S.G. § 3E1.1. The agreement further

---

[1]This is the remedy adopted by the Supreme Court for a similar breach of the plea agreement in Santobello v. New York, 404 U.S. 257, 262-63 (1971).

[2]The HONORABLE DEAN WHIPPLE, Chief Judge of the United States District Court for the Western District of Missouri.

provided that the court would determine Gomez's offense level and criminal history score, and that "[f]ailure of the Court to adopt these [sentencing] stipulations will not provide defendant with a basis to withdraw his plea of guilty."

After Gomez pleaded guilty, the Presentence Investigation Report (PSR) recommended that he be sentenced as a career offender. Gomez objected to that recommendation. Shortly before sentencing, the prosecutor learned that, immediately after each of his proffer sessions, Gomez wrote letters to his wife asking her to warn certain persons of the government's investigation, advising her how to sell drugs without getting caught, and threatening a coconspirator. The prosecutor notified defense counsel, who was previously unaware of these letters.

At sentencing, because of Gomez's letters to his wife, the prosecutor did not recommend an acceptance-of-responsibility reduction and urged the court to impose an obstruction-of-justice enhancement. Defense counsel objected but did not move to withdraw Gomez's guilty plea. The district court denied an acceptance-of-responsibility reduction, imposed the obstruction-of-justice enhancement, and found Gomez to be a career offender,[3] resulting in a total offense level of 39, a criminal history category of VI, and a guidelines sentencing range of 360 years to life. The court imposed a 360-month sentence.

On the first appeal, we concluded that the government breached the plea agreement when it failed to recommend an acceptance-of-responsibility reduction.

---

[3]Gomez's PSR assessed him 27 criminal history points and included at least two burglaries. A career offender includes an offender, like Gomez, who was at least eighteen years old when he committed a felony drug offense and who had at least two prior felony convictions for burglary of a dwelling or a commercial building. See U.S.S.G. §§ 4B1.1(a), 4B1.2; United States v. Blahowski, No. 01-3302, 2003 WL 1786641, at *2-5 (8th Cir. Apr. 4, 2003), reaffirming United States v. Hascall, 76 F.3d 902 (8th Cir.); cert. denied, 519 U.S. 948 (1996).

We remanded for determination of the appropriate remedy. On remand, Gomez moved for the first time to withdraw his guilty plea. The government opposed the motion, stating that it would fulfill its plea agreement obligation if Gomez were resentenced before a different district judge. After an evidentiary hearing, the district court denied the motion to withdraw and proceeded with the resentencing. The government recommended an acceptance-of-responsibility adjustment. The court rejected that recommendation and resentenced Gomez to 360 months in prison.

## II. Discussion.

On appeal, Gomez argues the district court abused its discretion in denying his motion to withdraw the plea because he had "fair and just reasons" for withdrawal. But that is the standard when a defendant moves to withdraw his plea "before sentence is imposed." FED. R. CRIM. P. 32(e) (2002). Gomez did not move to withdraw the plea until after our remand order, which was limited to directing the district court to consider plea withdrawal as a remedy for the government's breach of the plea agreement. Gomez does not appeal the district court's decision that the breach was cured when the government recommended an acceptance-of-responsibility reduction at the resentencing.[4] We have some doubt whether the court even had discretion to grant the motion to withdraw for any other reason.[5] But as the government does not press the issue, we will review the denial of Gomez's post-

---

[4]The validity of Gomez's guilty plea was not affected by the district court's refusal to grant the acceptance-of-responsibility reduction. The agreement entitled him only to a favorable recommendation by the government. United States v. Has No Horses, 261 F.3d 744, 750 (8th Cir. 2001), cert. denied, 534 U.S. 1150 (2002).

[5]The December 2002 amendments to the Federal Rules of Criminal Procedure replaced Rule 32(e) with new Rules 11(d) and (e). Rule 11(e) now provides, "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."

sentence plea withdrawal motion on the merits, applying the standard applicable in post-conviction proceedings under 28 U.S.C. § 2255 -- whether the denial resulted in "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir.) (quotation omitted), cert. denied, 493 U.S. 82 (1989); see FED. R. CRIM. P. 32(d) advisory committee notes to the 1983 amendments.

Gomez first argues that he should have been allowed to withdraw the plea because his attorney did not adequately investigate the strength of the prosecution's case, he had "tremendous conflicts" with counsel, and the district court denied his pre-plea motion to appoint new counsel. The district court carefully reviewed the transcript of Gomez's change-of-plea proceedings and concluded this contention was without merit. We agree. As the district court noted, this claim directly contradicts statements Gomez made under oath at his guilty plea hearing, including that he was totally satisfied with his attorney's legal assistance. At the plea hearing, Gomez's attorney developed the factual basis for the plea, demonstrating she and Gomez had discussed the case and they both knew of the underlying facts making Gomez liable for the offense. "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." United States v. Fitzhugh, 78 F.3d 1326, 1328 (8th Cir.) (quotation omitted), cert. denied, 519 U.S. 902 (1996).

Gomez next argues that his plea was not knowing and voluntary because he did not know he would be sentenced as a career offender. In advising Gomez to plead guilty and cooperate, defense counsel told him that the district court would likely place him in criminal history category V or VI. However, counsel did not advise him regarding the career offender provisions of the Sentencing Guidelines. Instead, defense counsel and the government entered into a plea agreement containing the "unfulfillable promise" that he would be sentenced based upon a base offense level

of 32[6] and a three-level acceptance-of-responsibility reduction.  Gomez argues that this failure to advise him of a critical sentencing factor, combined with the misrepresentation implicit in the plea agreement stipulations, rendered his plea both unknowing and involuntary.

We reject this contention.  In the first place, the assertion that advice regarding the career offender issue would have affected Gomez's decision to plead is not credible.  Defense counsel testified that the expectation of a downward-departure motion from the government was the principal reason she urged Gomez to plead guilty. If granted, a downward departure for substantial assistance could substantially reduce his guidelines sentence, whether or not the guidelines range was based upon the stipulated base offense level of 32, or the offense level of 37 that would result from a career offender finding.  The inference that the career offender issue did not significantly affect Gomez's decision to plead guilty is confirmed by the fact that he did not make a timely pre-sentence motion to withdraw the plea on this ground when he first learned from the PSR that he would likely be sentenced as a career offender.

In the second place, this is not a true case of "unfulfillable promises" because the sentencing stipulations in the plea agreement were clearly stated to be non-binding on the sentencing court.  "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." Brady v. United States, 397 U.S. 742, 757 (1970).

Finally, we think it is significant that two of the adjustments that adversely affected Gomez's sentence -- the denial of acceptance of responsibility and the imposition of an obstruction-of-justice enhancement -- were based upon the later discovery of Gomez's letters to his wife.  Those letters were pre-plea misconduct that

---

[6]For this drug offense, the career offender finding placed Gomez in offense level 37 and criminal history category VI.  See U.S.S.G. § 4B1.1(b)(A).

Gomez kept secret from the prosecutor and his own attorney while they negotiated and drafted the plea agreement. Gomez complains that law enforcement officers discovered the letters in a warrant search of his wife's residence some three weeks before he pleaded guilty. Apparently, he considers it unfair that the government entered into the plea agreement knowing of his furtive efforts to undermine his purported cooperation and acceptance of responsibility. One answer is that the prosecutor (and defense counsel) did not learn of Gomez's duplicity until after the court accepted his guilty plea. More fundamentally, it is no miscarriage of justice to hold Gomez to his solemn plea of guilty in these circumstances. Having proffered cooperation and acceptance of responsibility in bad faith, he is in no position to claim that good faith reliance upon the sentencing stipulations in the plea agreement wrongly induced his guilty plea.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.