# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2997

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　Plaintiff - Appellee,　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
v.　　　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Tony Eugene Goodson,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　Defendant - Appellant.　　　　*

_____

Submitted: February 10, 2009
Filed: June 22, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Tony Goodson pleaded guilty to conspiring to distribute fifty or more grams of crack cocaine after two prior felony drug convictions. The district court[1] found that the prior convictions were for separate offenses, resulting in a mandatory sentence of life in prison under 21 U.S.C. § 841(b)(1)(A). Goodson appeals the court's denial of his pre-sentence motion to withdraw the guilty plea. We affirm.

_____

[1]The HONORABLE LINDA R. READE, Chief Judge of the United States District Court for the Northern District of Iowa, adopting the Report and Recommendations of the HONORABLE JON S. SCOLES, United States Magistrate Judge for the Northern District of Iowa.

## I.

Goodson was indicted following a police-monitored drug transaction on March 6, 2007. Michael Gates had asked Goodson to obtain two ounces of crack cocaine for Gates's customer, who was in fact a confidential informant. Goodson contacted Maurice Moore, who provided the crack cocaine. Goodson left it for Gates at an interstate travel plaza, and Gates delivered it to the informant. After the transaction, Goodson admitted to investigators that Gates asked him to obtain two ounces of crack cocaine, and that he called Moore to obtain the illegal drugs.

On the eve of trial, Goodson signed a lengthy plea agreement proposed by the government some months earlier. Paragraph 1 of the agreement provided that Goodson would plead guilty to the charge that he has two felony drug convictions and conspired to distribute fifty grams or more of crack cocaine, and that he understood the maximum penalty for this offense is mandatory life in prison without the possibility of parole. The government agreed to dismiss two other counts of the indictment. In the agreement's lengthy Stipulation of Facts, Goodson agreed that he and others conspired to distribute fifty grams or more of crack cocaine between January and March 2007; that he agreed to help Gates find two ounces of crack cocaine on March 6 and obtained from Moore a substance that was lab tested and found to be 53.5 grams of crack cocaine; that Gates purchased one ounce of crack cocaine from Goodson on at least four other occasions; that Moore sold Goodson five ounces of crack cocaine on five different occasions; and that Goodson was previously convicted of the two state court felony drug offenses alleged in the indictment.

At a change-of-plea hearing that same day, Goodson questioned whether the conspiracy involved fifty grams or more but then acknowledged that the agreement referred to a lab test that weighed the March 6 substance at 53.5 grams. Goodson also questioned whether he had two prior felony drug convictions because he only recalled one arrest. The prosecutor stated, and defense counsel confirmed, that state court

records show separate charges for cocaine offenses in 1990 and 1992 resulting in two convictions and concurrent sentences on September 22, 1993. Goodson then admitted he had two prior felony drug convictions. The magistrate judge filed a Report and Recommendation that the guilty plea be accepted. The district court adopted the Report and Recommendation, to which Goodson did not object.

Five weeks later, Goodson filed a pro se motion to withdraw his guilty plea. The court appointed new counsel who filed a supplemental motion asserting that Goodson "did not enter a knowing and voluntary plea of guilty and that he is innocent in that he did not conspire to distribute over 50 grams of cocaine base nor does he have two separate drug felonies." After a hearing at which Goodson testified, the magistrate judge recommended that the motion be denied. Goodson filed an objection to that recommendation "limited to the finding . . . that [Goodson] has two or more prior felony drug convictions." Counsel argued that "the Report and Recommendation does not relieve the government from having to prove in a separate court proceeding that [Goodson] has two prior drug felonies."

In an Order denying the motion to withdraw, the district court construed the objection as "amount[ing] to an assertion that [Goodson] is innocent." The court noted that Goodson admitted two prior felony drug convictions at the plea hearing, providing a sufficient factual basis for the plea. As he produced no evidence to undermine the prior finding of two prior felony drug convictions, the court concluded that his unsupported assertion of innocence did not constitute a fair and just reason to withdraw the plea. At the subsequent sentencing hearing, the court determined that Goodson's September 1993 state court drug convictions constituted two separate felony drug convictions for purposes of 21 U.S.C.§ 841(b)(1)(A) and sentenced him to life in prison.

## II.

After a guilty plea is accepted but before sentencing, a defendant may withdraw the plea if he establishes "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (quotation omitted). In such cases, the court considers "whether the defendant has established a fair and just reason to withdraw the plea," and if so, "whether the defendant asserts his legal innocence of the charge, the length of time between the plea and the motion to withdraw, and whether the government will be prejudiced by the withdrawal." United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (quotation omitted). We review *de novo* whether the plea was knowing and voluntary; we review the court's decision to deny the motion to withdraw for abuse of discretion. Id. at 931.

On appeal, Goodson argues that, at the plea hearing, he disputed whether the conspiracy involved more than fifty grams of crack cocaine and whether he had two prior felony drug convictions, the resulting discussion between counsel and the court was confusing and intimidating, his attorney pressured him into signing the plea agreement, and therefore his plea was not knowing and voluntary and the district court erred in accepting the "equivocal" plea. Goodson made this argument to the magistrate judge at the withdrawal motion hearing. The magistrate judge rejected the argument in a lengthy Report and Recommendation, finding after review of the plea agreement, the plea hearing transcript, and Goodson's testimony at the withdrawal hearing that Goodson's plea was knowing and voluntary, there was a factual basis for the plea, he "has no claim to innocence," and therefore he presented no fair and just reason to withdraw the plea.

Goodson did not make this argument in his objection to the Report and Recommendation. Thus, the issue is forfeited, subject only to plain error review under Rule 52(b) of the Federal Rules of Criminal Procedure. See United States v. Maxwell, 498 F.3d 799, 801 n.2 (8th Cir. 2007). As we review *de novo* whether a plea was knowing and voluntary, this issue is subject to plain error review. But here, it is without merit. At the plea hearing, Goodson was fully advised of the maximum sentence he faced if the plea was accepted and the rights he would waive by pleading guilty. He answered "Nope" when asked if anyone "forced [him] to plead guilty or made any promises to get [him] to plead guilty." He answered "Yeah" when asked if he was satisfied with the representation he received from his attorney. Goodson's "self-serving, post-plea claims that he was . . . unable to voluntarily choose to plead guilty fly directly in the face of his own plea hearing testimony." Green, 521 F.3d at 932 (quotation omitted). The district court's determination that the plea was knowing and voluntary was not error, much less plain error. See, e.g., United States v. Enriquez, 205 F.3d 345, 348 (8th Cir.), cert. denied, 531 U.S. 890 (2000); United States v. Jones, 111 F.3d 597, 602 (8th Cir. 1997).

We review for abuse of discretion whether Goodson established a fair and just reason to withdraw his plea. There can be no abuse of discretion in failing to consider a reason not urged, so our review of this issue is limited to the objection Goodson made to the magistrate judge's Report and Recommendation, namely, "the finding . . . that [Goodson] has two or more prior felony convictions."[2] It was undisputed (by defense counsel at the withdrawal hearing, and by Goodson at the plea hearing) that

___

[2]On the drug quantity issue now urged on appeal, Goodson repeatedly admitted that the conspiracy included "obtaining two ounces of crack cocaine" for the March 6, 2007, transaction. Two ounces equals 56.7 grams. See U.S.S.G. § 2D1.1, comment. (n. 10(E)). Thus, even putting aside the lab report that the substance contained 53.5 grams of crack cocaine, and his admissions in the plea agreement of substantial other transactions with Gates and Moore, Goodson's belated doubt about whether the conspiracy involved fifty or more grams of crack cocaine is frivolous.

the state court imposed two separate drug felony convictions with concurrent sentences on September 22, 1993. The objection was made to ensure that the government retained the burden to prove at sentencing that these were separate convictions for purposes of determining whether to impose a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). The district court at sentencing effectively granted the relief Goodson requested in his objection by placing on the government the burden to prove the two convictions were not part of the same criminal episode.[3] The court correctly noted that Goodson's "mere assertion of innocence" did not provide a sufficient evidentiary basis for withdrawing the plea, citing United States v. Ludwig, 972 F.2d 948, 951 (8th Cir. 1992). In these circumstances, the court did not abuse its discretion in concluding that Goodson failed to show a fair and just reason to withdraw his guilty plea.

The judgment of the district court is affirmed.

_____

---

[3]Goodson does not appeal the court's resolution of that issue. See generally United States v. Hawkins, 548 F.3d 1143, 1149-50 (8th Cir. 2008).