# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1534

_____

United States of America

*Plaintiff - Appellee*

v.

Enrique Roberto Trevino

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 8, 2016
Filed: July 14, 2016

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

A January 2013 superseding indictment charged Enrique Roberto Trevino and others with conspiring to distribute and possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court appointed Arturo Hernandez, III, to represent Trevino. In April 2014, Trevino

pleaded guilty to the charge without a plea agreement, and the district court[1] accepted his plea. The July 2014 Presentence Investigation Report (PSR), later updated to reflect subsequent guidelines amendments, recommended an advisory guidelines sentencing range of 188-235 months in prison. Trevino filed seven pages of objections to the PSR findings and recommendations.

In February 2015, on the eve of the sentencing hearing, Trevino moved to withdraw his plea, in part because it "was made and entered without meaningful advice of counsel." Attorney Hernandez moved to withdraw on the ground that "an ethical conflict exists" resulting from Trevino's motion to withdraw the plea. At the March 2015 motion and sentencing hearing, the district court[2] denied both motions to withdraw and, after hearing testimony on the remaining PSR objections, determined Trevino's advisory sentencing range to be 121-151 months and sentenced him to 120 months in prison. On appeal, Trevino argues the district court erred (1) by denying his motion to withdraw the guilty plea, (2) by not appointing substitute counsel, and (3) by incorrectly calculating drug quantity at sentencing. We affirm.

## I. The Plea Withdrawal Issue.

Before sentencing, a defendant who has pleaded guilty may withdraw the plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the denial of a motion to withdraw a plea for abuse of discretion. United States v. Cruz, 643 F.3d 639, 641 (8th Cir. 2011). "The 'fair and just' standard is a liberal standard, but it does not create an automatic right to

[1]The Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri.

[2]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

withdraw a plea." United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (alterations and quotation omitted).

The July 2014 PSR made adverse findings that Trevino was responsible for possessing 667.42 kilograms of marijuana, the marijuana equivalent quantity for his relevant conduct; operated a stash house in St. Louis; and was an organizer or leader of the drug conspiracy, based upon information provided by a confidential source, cooperating witnesses, and conspirators who had pleaded guilty. On February 8, 2015, with objections to those findings pending, attorney Hernandez filed a Motion To Withdraw the plea on Trevino's behalf, stating in support:

> 1. Mr. Trevino's plea of guilty was made and entered without meaningful advice of counsel because Mr. Trevino claims that current counsel failed to explain the consequences of pleading guilty without a plea agreement. Thus, defendant made the decision to waive his rights to trial and to defend himself from false allegations of his co-defendants and witnesses.
>
> 2. His plea of guilty was made without full understanding of the nature of the offense charged and the punishment that might be imposed, in that these matters were not made known to him clearly by the court.
>
> 3. Defendant claims that he was convinced to plead guilty by his appointed counsel and that he would be allowed to make arguments as [to] the range of punishment. He claims that his sentencing calculations have been based on false information provided by witnesses that he has not been allowed to cross-examine and that his attempt to dispute their allegations has jeopardized him further.

Trevino submitted no further supporting evidence or argument prior to the March 3, 2015, motion and sentencing hearing.

As the district court noted in denying the Motion To Withdraw at the March 2015 hearing, the first two reasons stated in support of the Motion To Withdraw were plainly contradicted by the Rule 11 colloquy at Trevino's change-of-plea hearing. At that April 2014 hearing, the district court explained that the statutory sentencing range was 0 to 20 years; the sentencing guidelines would apply; the PSR might vary somewhat from defense counsel's preliminary estimate of the guidelines range; Trevino could object to the PSR and the court would rule on his objections; the court could vary upward or downward from the guidelines range; and Trevino could appeal the sentence but not withdraw his plea. Trevino stated that no one threatened him to get him to plead guilty, no one told him what the district court would do at sentencing, and he was pleading guilty of his own free will. The court then inquired:

> THE COURT: [A]re you satisfied with Mr. Hernandez's representation of you?
>
> MR. TREVINO: Yes, Your Honor.
>
> THE COURT: Has he done everything that you've asked him to do?
>
> MR. TREVINO: Yes, sir.
>
> THE COURT: Is there anything that Mr. Hernandez did that you did not want him to do?
>
> MR. TREVINO: No, sir.
>
> THE COURT: All right. So, you're satisfied with his -- the way he's defended you in this case?
>
> MR. TREVINO: Yes, sir, I am.

We have repeatedly upheld the denial of motions to withdraw a plea based on ineffective assistance of counsel where the "claim directly contradicts statements

[defendant] made under oath at his guilty plea hearing . . . that he was totally satisfied with his attorney's legal assistance." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003). The failure to assert objections to counsel's performance at the change-of-plea hearing refutes any claim of ineffective assistance of counsel as a basis for withdrawing the plea. See United States v. Norvell, 729 F.3d 788, 796 (8th Cir. 2013), cert. denied, 134 S. Ct. 1342 (2014); United States v. Murphy, 572 F.3d 563, 569 (8th Cir.), cert. denied, 558 U.S. 1057 (2009); United States v. Goodson, 569 F.3d 379, 382-83 (8th Cir.), cert. denied, 558 U.S. 1098 (2009). "In these circumstances, the ineffective assistance claim is untimely because it was first raised in a motion to withdraw the plea." United States v. Payton, 260 F.3d 898, 900 (8th Cir. 2001), cert. denied, 534 U.S. 1170 (2002).

The third reason stated in Trevino's Motion To Withdraw was addressed at the ex parte portion of the March 2015 hearing. The court asked Trevino, "What are your concerns with your attorney?" He responded:

> My concern was from the very beginning, as I wrote Magistrate Judge Whitworth about a year and a half ago, a [question] that my attorney failed to answer was [whether I may] take my case to court and challenge the offense level, not my innocence or guilt of the matter, but . . . the amounts of drugs I'm being charged with . . . . That would be my best option because . . . I'm charged with what I believe is amounts of drugs that are not verifiable. They were not able to be proved beyond a reasonable doubt in a court of law, which would be to my advantage. Now at my sentencing, I have the burden of . . . proving that the allegations are false.

The court replied:

> Well, No. 1, that's incorrect. The government still has the burden of proof at the sentencing hearing. The burden of proof has changed, but it remains with the government. You have absolutely no burden of

proof. And I will tell you that your attorney has preserved your right to challenge pretty much all aspects of the [PSR].

The above-quoted colloquies at the change-of-plea and the March 2015 hearings establish that Trevino presented no fair and just reason to withdraw his guilty plea. Trevino argues the court committed an error of law when it stated at the March 2015 hearing, "any ineffective assistance of counsel claims need to be brought up in [an 18 U.S.C.§] 2255 motion. This is not the appropriate time to raise those issues, and it is not a basis for Mr. Trevino to withdraw his guilty plea." We agree that ineffective assistance of counsel during the plea process "can serve as the requisite 'fair and just reason' for withdrawal [but] only if [defendant] demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996). Thus, the court spoke too categorically, but in the absence of an objection, we conclude there was no error of law. When a defendant develops no factual record to support his assertions of ineffective assistance, as in this case, "such claims ordinarily are best reviewed in collateral proceedings." United States v. Mugan, 441 F.3d 622, 631 (8th Cir.), cert. denied, 549 U.S. 890 (2006); see United States v. Payton, 168 F.3d 1103, 1105 n.2 (8th Cir. 1999).

Trevino further argues that, instead of denying his Motion To Withdraw, the district court should have conducted an evidentiary hearing. However, a district court "need not hold an evidentiary hearing if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." United States v. Morrison, 967 F.2d 264, 267-68 (8th Cir. 1992) (quotation omitted). Here, Trevino's motion failed to put forth a fair and just reason to withdraw the plea, provided no specific facts supporting a claim of ineffective assistance, and was directly contradicted by his statements under oath at the change-of-plea hearing. The district court did not abuse its discretion in denying the Motion To Withdraw.

## II. Counsel's Motion To Withdraw.

At the March 2015 motion hearing, the court explained to Trevino that the government would have the burden of proof at sentencing regarding his objections to the PSR. The court then observed that attorney Hernandez had preserved Trevino's right to challenge the PSR, and that Trevino and Hernandez had obviously been communicating, though not as extensively as Trevino wanted prior to the upcoming sentencing. The court offered Trevino additional time to talk to Hernandez before the sentencing hearing. Trevino stated that "[j]ust an hour would suffice," which the court granted. The court concluded: "I do not have a basis in front of me to permit Mr. Hernandez to withdraw and to give you a new attorney. So that motion is going to be denied." On appeal, Trevino argues that the district court abused its discretion when it declined to appoint substitute counsel because the record established that a probable conflict of interest and complete breakdown in communication arose when Trevino filed the Motion To Withdraw his guilty plea.

To warrant substitute counsel, Trevino must show "justifiable dissatisfaction" with defense counsel, "which can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation." United States v. Taylor, 652 F.3d 905, 908 (8th Cir. 2011) (quotations omitted). Justifiable dissatisfaction requires more than "frustration with appointed counsel's performance or disagreement with counsel's tactical decisions . . . . The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of advocacy." Id. (quotation omitted). "Last-minute requests to substitute counsel such as occurred here remain disfavored." United States v. Rodriguez, 612 F.3d 1049, 1054 (8th Cir.), cert. denied, 562 U.S. 988 (2010); see United States v. Barrow, 287 F.3d 733, 738 (8th Cir.), cert. denied, 537 U.S. 1024 (2002).

The claim of conflict of interest is without merit. Trevino expressed complete satisfaction with Attorney Hernandez's representation at the change-of-plea hearing. When the PSR proposed adverse sentencing determinations based on information provided by Trevino's former conspirators and other cooperating witnesses, Hernandez filed extensive objections to the PSR and a Motion To Withdraw on Trevino's behalf. When the district court ruled that there were no ineffective assistance issues warranting withdrawal of the plea or appointment of new counsel, Hernandez continued in his vigorous representation of Trevino before and at the sentencing hearing. Justifiable dissatisfaction does not include a defendant's frustration with counsel who "continues to provide zealous representation." Barrow, 287 F.3d at 738.

Trevino did not develop support for his conclusory allegation that Hernandez convinced or coerced him to plead guilty, nor did his statements to the court support that allegation. The fact that Trevino did not understand the process for challenging the PSR did not reflect a complete breakdown in communication. In response to Trevino's complaint that Hernandez failed to answer all his questions and had not met with Trevino prior to the sentencing hearing, the court gave Trevino additional time to meet with Hernandez to prepare what Trevino referred to as "a battle plan for sentencing." The court's inquiry and response to Trevino's complaints satisfied its burden to inquire into Trevino's issues with counsel. See Rodriguez, 612 F.3d at 1053-55.

### III. The Sentencing Issue.

Trevino filed extensive objections to the PSR findings that he was responsible for possessing 667.42 marijuana equivalent kilograms, operated a stash house, and was an organizer or leader of the conspiracy. At the March 2015 ex parte motion hearing, after denying the motions to withdraw and granting Trevino additional time to confer with Hernandez before the sentencing hearing, the district court stated:

[C]urrently the [PSR] does not give you any credit for acceptance of responsibility . . . . primarily because of the extensive objections that have been made to the [PSR]. And I want both of you to know that if I do find these objections to be frivolous, specifically the objections with respect to the elements of this offense and the relevant conduct, I am going to follow the recommendation of the [PSR] writer and not give you any type of reduction for acceptance of responsibility.

After the requested continuance to discuss strategy, Trevino and Hernandez withdrew all objections to the drug-quantity calculation, but not objections to the stash house and leader/organizer enhancements. The district court asked whether Trevino agreed with the decision to limit his objections. He responded, "Yes, ma'am, 100 percent." The court then proceeded with the evidentiary portion of the sentencing hearing. Conspirator Richard Kitchen testified and was cross-examined by attorney Hernandez. Based on that testimony, the court overruled Trevino's objections to the two enhancements and adopted the PSR's uncontested drug quantity finding. The court granted Trevino a three-level reduction for acceptance of responsibility.

On appeal, Trevino argues the district court erred in adopting the PSR's drug quantity calculation because the PSR double counted two witnesses' cocaine estimates; double counted $16,812 in cash seized, because the money was proceeds from sales of the marijuana already counted; and failed to reduce the estimated cocaine quantity by 17%, as it reduced the marijuana estimate. "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." United States v. Abrica-Sanchez, 808 F.3d 330, 334 (8th Cir. 2015) (quotation omitted). Thus, it cannot be error, plain or otherwise, for the district court to adopt facts in the PSR to which the defendant has not objected, and the defendant "is precluded from arguing [withdrawn] objections on appeal." United States v. Thompson, 289 F.3d 524, 527 (8th Cir. 2002). Trevino argues these authorities should not apply because "the district court threatened to deny him credit for accepting responsibility if he persisted" with his objections to the PSR, and therefore we should treat his withdrawn objections as preserved.

Trevino cites no authority supporting this contention, nor have we found any. But in any event, the contention is factually flawed. The district court did not "threaten" Trevino; the court accurately warned Trevino of the consequence of pursuing frivolous guidelines objections. See U.S.S.G. § 3E1.1, comment. (n.1) ("[A] defendant who . . . frivolously contests[] relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."); United States v. Johnson, 906 F.2d 1285, 1291 (8th Cir. 1990) ("We grant the sentencing court great deference when reviewing its evaluation of a defendant's acceptance of responsibility."). The court did not improperly coerce Trevino into withdrawing his objections to the PSR's drug quantity findings, and did not err in adopting the PSR's drug quantity calculation.

The judgment of the district court is affirmed.

_____

-10-