# United States Court of Appeals
## For the Eighth Circuit

_____

Nos. 19-3661/20-1122
_____

United States of America

*Plaintiff - Appellee*

v.

Stephanie Broecker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: November 18, 2020
Filed: March 12, 2021
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Stephanie Broecker pleaded guilty to distributing a controlled substance resulting in death. *See* 21 U.S.C. § 841(a)(1). After the presentence investigation report recommended a mandatory-minimum sentence of 20 years in prison, *see id.*

§ 841(b)(1)(C), she attempted to withdraw her plea. Her effort was unsuccessful, however, and the district court[1] ultimately imposed a 20-year sentence. We affirm.

## I.

After one of Broecker's acquaintances died by overdosing on heroin that she had sent him, she was indicted on a federal drug charge. Rather than risking trial, she decided to plead guilty. During the change-of-plea hearing, she told the district court that her attorneys had discussed the plea agreement with her and that she was pleased with their performance. The court made clear at the time that she could spend 20 years in prison.

Several months later, Broecker changed her mind. She first successfully moved to discharge one of her attorneys and have the other one appointed as counsel of record. Then she asked to withdraw her guilty plea on the ground that her now-discharged attorney had allegedly misled her about the potential sentence she faced and had failed to thoroughly investigate whether the heroin she sent was actually the cause of death.

After an evidentiary hearing, the district court ruled that there was no "fair and just reason" to allow Broecker to withdraw her plea. Fed. R. Crim. P. 11(d)(2)(B). In fact, according to the court, there were a number of reasons to deny the request, including the months-long delay and the prejudice that the government would otherwise suffer.

The district court also rejected Broecker's motion to compel the government to request a sentence reduction for substantial assistance, but not before sentencing her to 20 years in prison. *See* Fed. R. Crim. P. 35(b)(1) ("Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."). Her inconsistent testimony, especially between her change-of-plea hearing and the evidentiary hearing, led the court to conclude that the government no longer had any obligation to seek a substantial-assistance reduction.

## II.

The primary issue on appeal is whether Broecker should have been able to withdraw her plea. She argues that, under the "liberal" fair-and-just standard for withdrawing a plea before sentencing, the district court should have exercised its discretion in her favor. *United States v. Smith*, 422 F.3d 715, 723–24 (8th Cir. 2005); *see also* Fed. R. Crim. P. 11(d)(2)(B) (requiring "a fair and just reason for requesting the withdrawal").

Under these circumstances, however, her request came too late. If the reason is ineffective assistance of counsel, a plea-withdrawal request is untimely when counsel's ineffectiveness is first raised "in a motion to withdraw" rather than during "the change-of-plea hearing." *United States v. Trevino*, 829 F.3d 668, 672 (8th Cir. 2016) (quotation marks omitted). As in *Trevino*, Broecker's request in this case came months after she expressed unconditional satisfaction with her attorneys while pleading guilty. *See id*. at 671–72.

Broecker counters that her earlier statements were uninformed because she only later learned that one of her attorneys had done a poor job. Even setting aside that these types of post-plea revelations are "inherently unreliable," *United States v. McHenry*, 849 F.3d 699, 706 (8th Cir. 2017) (quotation marks omitted), her arguments are contradicted by the record. When she pleaded guilty, she already knew that her attorneys had never requested a second opinion on the government's toxicology report, which had established the cause of death. Nevertheless, when asked under oath at the evidentiary hearing whether she decided to go "forward with the change of plea anyway, despite [he]r misgivings," she said, "[c]orrect." The

-3-

district court also made her aware before she changed her plea that she faced a potential 20-year sentence, but she decided to proceed anyway. On these facts, we cannot say that the district court abused its discretion in refusing to allow her to withdraw her plea. *See Trevino*, 829 F.3d at 671–73.

### III.

Broecker's other argument, focused on the government's failure to request a substantial-assistance reduction, is not before us. Her plea agreement contained a broad appeal waiver covering "all defenses and . . . any non-jurisdictional issues." The only exceptions were for challenging an upward departure or, if the court varied or departed upward, the "substantive reasonableness" of the sentence.[2]

The government's failure to request a substantial-assistance reduction does not fall into either of those categories. Nor does Broecker provide any other reason to doubt the enforceability of the appeal waiver.[3] *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the issue falls within the scope of the waiver, the defendant knowingly

---

[2]The appeal waiver was no barrier, however, to reviewing the denial of Broecker's motion to withdraw her guilty plea. *See DeRoo v. United States*, 223 F.3d 919, 923–24 (8th Cir. 2000). Had she proven that plea counsel was ineffective, her assent to the plea agreement, including the appeal waiver itself, would not have been "knowing and voluntary." *Id*.

[3]In fact, Broecker does not even acknowledge in her briefs that the appeal waiver exists, much less that there is some way past it. *See United States v. Simmons*, 964 F.2d 763, 777 (8th Cir. 1992) ("As a general rule, an appellate court may review only the issues specifically raised and argued in an appellant's brief."). To the extent she *could* have argued that the appeal waiver does not apply because the government breached the plea agreement, we reject that argument for the reason stated by the district court: the government "was relieved of its obligation" to seek a substantial-assistance reduction after she testified inconsistently. *See United States v. Pierre*, 912 F.3d 1137, 1142–44 (8th Cir. 2019) (enforcing an appeal waiver when there was no breach by the government).

and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

## IV.

We accordingly dismiss the appeal in part and otherwise affirm the judgment of the district court.

_____