# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-1733

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tracy Todd Presson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: September 1, 2021
Filed: September 7, 2021
[Unpublished]

——————————

Before LOKEN, COLLOTON, and STRAS, Circuit Judges.

——————————

PER CURIAM.

The district court[1] imposed an 840-month prison sentence after Tracy Presson pleaded guilty to sexually exploiting and coercing and enticing a minor. *See* 18

———————————

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

U.S.C. §§ 2251(a) (sexual exploitation), 2422(b) (coercion and enticement). In an *Anders* brief, Presson's counsel suggests that the district court should have permitted Presson to withdraw his guilty plea. *See Anders v. California*, 386 U.S. 738 (1967). In a pro se brief, Presson argues that he received ineffective assistance of counsel and that the prosecutor engaged in misconduct.

We conclude that the plea was knowing and voluntary, *see Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (explaining that a defendant's statements during the plea hearing carry "a strong presumption of verity"), plea counsel was not ineffective, *see id.*; *United States v. Trevino*, 829 F.3d 668, 672 (8th Cir. 2016), and that there is no evidence of prosecutorial misconduct, *see United States v. Hunter*, 770 F.3d 740, 743 (8th Cir. 2014). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____