# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3445

_____

United States of America

*Plaintiff - Appellee*

v.

Bradley Omar Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 12, 2022
Filed: April 25, 2023
[Unpublished]

_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Bradley Johnson was sentenced to 180 months in prison for distributing 50 grams or more of a mixture containing methamphetamine, 21 U.S.C. § 841(a)(1),

(b)(1)(B)(viii). Johnson argues that the district court[1] should have allowed him to withdraw his guilty plea and that he received ineffective assistance of counsel. Johnson also claims that his sentence was substantively unreasonable. We affirm.

We review the denial of a motion to withdraw a guilty plea and the reasonableness of a sentence for abuse of discretion. United States v. Trevino, 829 F.3d 668, 671 (8th Cir. 2016) (withdrawal of guilty plea); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reasonableness of sentence).

Johnson argues that he has a "fair and just reason" to withdraw his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). One count in the indictment charges Johnson with selling methamphetamine to an informant, but there was a discrepancy between the amount of drugs listed in the lab report and the police report for that count. The lab report listed only 13.9 grams of a mixture or substance containing methamphetamine, which is below the 50-gram threshold for § 841(b)(1)(B)(viii). The Government says that the lab did find over 50 grams—matching the police report—but a system update mislabeled the report with information from an earlier incident. The parties agree that the discrepancy does not affect Johnson's Guidelines determination, but Johnson argues that he now lacks confidence in the investigation and that the discrepancy negates the factual underpinnings for his plea agreement.

We don't think that this is a fair and just reason for Johnson to withdraw his plea. Johnson pleaded guilty to the conduct underlying the conspiracy on multiple occasions. He was aware that his plea was based on the total amount of drugs throughout the conspiracy, not just the incident involving the discrepancy, and the total amount was over 50 grams. We also don't see how any alleged lack of confidence in law enforcement based on a clerical error that doesn't affect his Guidelines range would affect Johnson's decision to admit to all of the drugs involved in the entire conspiracy.

---

[1]The Honorable Judge Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

Johnson also argues that he had ineffective assistance because trial counsel did not notice the discrepancy between the police report and the lab report. We generally decline to consider ineffective assistance of counsel claims on direct appeal, unless "the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006). At his sentencing, with knowledge of the discrepancy, Johnson said that he was fully satisfied with his attorney's services. Based on this record, we find no ineffective assistance.

Finally, Johnson argues that his sentence was unreasonable because his criminal history was overstated and the district court gave improper weight to U.S.S.G. § 4A1.3(b)(1) Application Note 3. See Feemster, 572 F.3d at 461 (holding that the district court abuses its discretion only when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment" (citation omitted)). Application Note 3 provides an example of when the district court might grant a downward departure. Johnson argues that the district court believed that the example was mandatory, and because Johnson's situation did not match the example, the district court did not grant the departure. Although the district court read the application note aloud at sentencing, that does not suggest that the district court believed that the example was mandatory. We find no abuse of discretion.[2]

We affirm the judgment of the district court.

_____

---

[2]We also deny Johnson's motions for plain error review and to vacate the judgment.